MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
HENRY ELIAS COREAS ZELAYA and
JENNIFER PORTILLO REYES, *individually*
*and on behalf of others similarly situated,*

                         *Plaintiffs*,

             -against-

G. GENERAL CONSTRUCTION, LLC.
(D/B/A G. GENERAL CONSTRUCTION,
LLC) and GILMAR VALADARES,

                        *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Henry Elias Coreas Zelaya and Jennifer Portillo Reyes, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against G. General Construction, LLC. (d/b/a G. General Construction, LLC), ("Defendant Corporation") and Gilmar Valadares, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.    Plaintiffs are former employees of Defendants G. General Construction, LLC. (d/b/a G. General Construction, LLC) and Gilmar Valadares.

2.    Defendants own, operate, or control a general construction company, located at 1213 Robert St. Hillside, NJ 07205 under the name "G. General Construction, LLC".

3.    Defendant corporation performed most of its projects in Manhattan, New York.

4.      Upon information and belief, individual Defendant Gilmar Valadares, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the construction corporation as a joint or unified enterprise.

5.      Plaintiffs were employees of Defendants.

6.      Plaintiffs were employed as construction workers and were required to perform most of their work in Manhattan, New York. Specifically Plaintiffs work responsibilities included but were not limited to painting, demolition, setting up tools, tapper finishing, putting up dry wall and cleaning. Defendant's headquarters for the construction corporation is located at 1213 Robert St. Hillside, NJ 07205.

7.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.     Plaintiff Henry Elias Coreas Zelaya ("Plaintiff Coreas" or "Mr. Coreas") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Coreas was employed by Defendants at G. General Construction, LLC from approximately February 1, 2017 until on or about May 10, 2018.

17.     Plaintiff Jennifer Portillo Reyes ("Plaintiff Portillo" or "Ms. Portillo") is an adult individual residing in Bronx County, New York.

18.     Plaintiff Portillo was employed by Defendants at G. General Construction, LLC. from approximately February 2018 until on or about May 10, 2018.

*Defendants*

19.     At all relevant times, Defendants own, operate, or control a general construction company, located at 1213 Robert St. Hillside, NJ 07205 under the name "G. General Construction, LLC".

20.     Upon information and belief, G. General Construction, LLC. (d/b/a G. General Construction, LLC) is a domestic corporation organized and existing under the laws of the State of New Jersey.

21.     Upon information and belief, the corporation maintains its principal place of business at 1213 Robert St. Hillside, NJ 07205 and performs most of its construction projects in Manhattan, New York.

22.     Defendant Gilmar Valadares is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gilmar Valadares is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Gilmar Valadares possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate a general construction company located in New Jersey, the business however operated predominantly in Manhattan, New York.

24.     Individual Defendant, Gilmar Valadares, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendant Gilmar Valadares operates Defendant Corporation as either an alter ego of himself and/or fail to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

31.     In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis, such as paint and dry wall are goods produced outside of the State of New York.

*Individual Plaintiffs*

33.     Plaintiffs are former employees of Defendants who were employed as construction workers.

34.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Henry Elias Coreas Zelaya*

35.     Plaintiff Coreas was employed by Defendants from approximately February 1, 2017 until on or about May 10, 2018.

36.     Defendants employed Plaintiff Coreas as a construction worker mostly in Manhattan, New York.

37.     Plaintiff Coreas regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

38.     Plaintiff Coreas's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Coreas regularly worked in excess of 40 hours per week.

40.     From approximately February 1, 2017 until on or about December 2017, Plaintiff Coreas worked as a construction worker from approximately 7:00 a.m. until on or about 3:30 p.m., 6 days a week 2 weeks every month, and for the other 2 weeks a month from approximately 7:00 a.m. until on or about 3:30 p.m., 3 days a week, and from approximately 7:00 a.m. until on or about 5:30 p.m., 3 days a week (typically 51 hours per week for 2 weeks of the month and then 57 hours per week for the other 2 weeks of the month).

41.     From approximately January 2018 until on or about March 2018, Plaintiff Coreas worked as a construction worker from approximately 7:00 a.m. until on or about 3:30 p.m., 6 days a week (typically 51 hours per week).

42.     From approximately April 2018 until on or about May 10, 2018, Plaintiff Coreas worked as a construction worker from approximately 7:00 a.m. until on or about 3:30 p.m., 2 days

a week and from approximately 7:00 a.m. until on or about 4:00 p.m. or 4:30 p.m., 4 days a week (typically 53 to 55 hours per week).

43.　　Throughout his employment, Defendants paid Plaintiff Coreas his wages in cash.

44.　　From approximately February 1, 2017 until on or about May 10, 2018, Defendants paid Plaintiff Coreas $21.25 per hour.

45.　　Plaintiff Coreas's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

46.　　For example, Defendants required Plaintiff Coreas to work an additional 1 to 3 hours past his scheduled departure time two to three days a week, and did not pay him for the additional time he worked.

47.　　Defendants never granted Plaintiff Coreas any breaks or meal periods of any kind.

48.　　Plaintiff Coreas was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49.　　No notification, either in the form of posted notices or other means, was ever given to Plaintiff Coreas regarding overtime and wages under the FLSA and NYLL.

50.　　Defendants did not provide Plaintiff Coreas an accurate statement of wages, as required by NYLL 195(3).

51.　　Defendants did not give any notice to Plaintiff Coreas, in English and in Spanish (Plaintiff Coreas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.　　Defendants required Plaintiff Coreas to purchase "tools of the trade" with his own funds—including a dry wall sander, construction tools, mask and gloves.

*Plaintiff Jennifer Portillo Reyes*

53.     Plaintiff Portillo was employed by Defendants from approximately February 2018 until on or about May 10, 2018.

54.     Defendants employed Plaintiff Portillo as a construction worker mostly in Manhattan, New York.

55.     Plaintiff Portillo regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

56.     Plaintiff Portillo's work duties required neither discretion nor independent judgment.

57.     Throughout her employment with Defendants, Plaintiff Portillo regularly worked in excess of 40 hours per week.

58.     From approximately February 2018 until on or about May 10, 2018, Plaintiff Portillo worked as a construction worker from approximately 7:00 a.m. until on or about 3:30 p.m., Mondays through Saturdays (typically 51 hours per week).

59.     Throughout her employment, Defendants paid Plaintiff Portillo her wages in a combination of check and cash.

60.     From approximately February 2018 until on or about May 10, 2018, Defendants paid Plaintiff Portillo ($12 per hour for her first 40 hours) and $540 in cash per week.

61.     Plaintiff Portillo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

62.     For example, Defendants required Plaintiff Portillo to work an additional 1 hour past her scheduled departure time on two occasions, and did not pay her for the additional time she worked.

63.     Defendants never granted Plaintiff Portillo any breaks or meal periods of any kind.

64.     Plaintiff Portillo was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

65.     Defendants took improper and illegal deductions from Plaintiff Portillo's wages.

66.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Portillo regarding overtime and wages under the FLSA and NYLL.

67.     Defendants did not provide Plaintiff Portillo an accurate statement of wages, as required by NYLL 195(3).

68.     Defendants did not give any notice to Plaintiff Portillo, in English and in Spanish (Plaintiff Portillo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.     Defendants required Plaintiff Portillo to purchase "tools of the trade" with her own funds—including tools, work gloves, and masks.

*Defendants' General Employment Practices*

70.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

71.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

72.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

73. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

74. Plaintiffs were paid their wages in cash or in a combination of check and cash.

75. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

77. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

78. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

79. Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80.      Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and

on or before February 1 of each subsequent year, a statement in English and the employees' primary

language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name

of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; and the

telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

81.      Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as

a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons (the "FLSA Class members"), i.e., persons who are or were employed by

Defendants or any of them, on or after the date that is three years before the filing of the complaint

in this case (the "FLSA Class Period").

82.      At all relevant times, Plaintiffs and other members of the FLSA Class were similarly

situated in that they had substantially similar job requirements and pay provisions, and have been

subject to Defendants' common practices, policies, programs, procedures, protocols and plans

including willfully failing and refusing to pay them the required overtime pay at a one and one-half

their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully

failing to keep records required by the FLSA.

83.      The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

86.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

88.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

91.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

93.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95.     Plaintiffs were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

96.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

102.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

104.     Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)       Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(i)       Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(j)       Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)       Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)       Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)       Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)        Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)       Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)       All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

- 18 -

Dated:  New York, New York
        May 18, 2018

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                            By:           /s/ Michael Faillace
                                        Michael Faillace [MF-8436]
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 11, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Henry Elias Coreas Zelaya

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     11 de mayo de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

May 11, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Jennifer Portillo Reyes _____

Legal Representative / Abogado:          Michael Faillace & Associates, P.C. _____

Signature / Firma:          _____

Date / Fecha:          _____ 11 de mayo de 2018 _____

Certified as a minority-owned business in the State of New York