**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

HENRY ELIAS COREAS ZELAYA and
JENNIFER PORTILLO REYES, *individually and
on behalf of others similarly situated*,

                               *Plaintiffs*,

    -against-

G. GENERAL CONSTRUCTION, LLC (D/B/A
G. GENERAL CONSTRUCTION, LLC) and
GILMAR VALADARES,

                               *Defendants*.

---

**18-cv-4473**

**SETTLEMENT AGREEMENT
AND
RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Henry Elias Coreas Zelaya and Jennifer Portillo Reyes ("Plaintiffs") on the one hand, G. General Construction, LLC (d/b/a G. General Construction, LLC), ("Defendant Corporation"), Gilmar Valadares, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

      WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-4473 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Twenty-Four Thousand Seven Hundred Fifty Dollars and No Cents (**$24,750.00**) (the "Settlement Amount") to be

paid to Plaintiffs' attorneys in Eighteen ("18") installments, as follows:

(a)     Installment One: A post-dated check in the amount of Seven Thousand Seven Hundred Fifty Dollars and No Cents ($7,750.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(b)     Installment Two: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(c)     Installment Three: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(d)     Installment Four: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit One Hundred and Twenty Days (120) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(e)     Installment Five: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit One Hundred and Fifty Days (150) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(f)     Installment Six: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit One Hundred and Eighty Days (180) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(g)     Installment Seven: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Two Hundred and Ten Days (210) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(h)     Installment Eight: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Two Hundred and Forty Days (240) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share,

counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(i)    Installment Nine: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Two Hundred and Seventy Days (270) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(j)    Installment Ten: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Three Hundred Days (300) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(k)    Installment Eleven: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Three Hundred and Thirty Days (330) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(l)    Installment Twelve: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Three Hundred and Sixty Days (360) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(m)    Installment Thirteen: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Three Hundred and Ninety Days (390) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(n)    Installment Fourteen: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Four Hundred and Twenty Days (420) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(o)    Installment Fifteen: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Four Hundred and Fifty Days (450) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(p)    Installment Sixteen: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Four Hundred and Eighty Days (480) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share,

counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(q) Installment Seventeen: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Five Hundred and Ten Days (510) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(r) Installment Eighteen: A post-dated check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Five Hundred and Forty Days (540) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

2. <u>Confessions of Judgment</u>: Concurrently with the execution of this Agreement, Defendants G. General Construction, LLC (d/b/a G. General Construction, LLC) and Gilmar Valadares shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits A and B respectively. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiffs' and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear in Plaintiffs' counsel's escrow account, or Defendants fail to deliver the payments to Plaintiffs' counsel within five days of the Court approving the Agreement, <u>and</u> (ii) Defendants fail to cure such default within five (5) business days of receipt of written notice (to be delivered to Defendants by Certified Mail, Return Receipt Requested, at G. General Construction LLC at 1213 Robert Street, Hillside, NJ 07205 and by email to gilmarconstruction@hotmail.com).

3. <u>General Release by Plaintiffs</u>: In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Defendants, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world through the date Plaintiffs execute this Agreement in connection with the wage and hour issues that were the subject of this litigation.

Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiffs are precluded from receiving compensation as a result of any such action.

4. **General Release by Defendants**: Defendants agree to, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Plaintiffs from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Plaintiffs in connection with the wage and hour issues that were the subject of this litigation.

5. **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. **Acknowledgments**: Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. **Notices**: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

G. General Construction LLC
1213 Robert Street
Hillside, NJ 07205
Email: gilmarconstruction@hotmail.com

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____        Date: 10/03/2018
HENRY ELIAS COREAS ZELAYA

By: _____  Date: 10/03/2018
JENNIFER PORTILLO REYES

DEFENDANTS:

By: _____  Date: 10/04/2018
G. GENERAL CONSTRUCTION, LLC

By: _____  Date: 10/04/2018
GILMAR VALADARES

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------x
HENRY ELIAS COREAS ZELAYA and
JENNIFER PORTILLO REYES,
*individually and on behalf of others
similarly situated,*

                              *Plaintiffs*,

      -against-

G. GENERAL CONSTRUCTION, LLC
(D/B/A G. GENERAL CONSTRUCTION,
LLC) and GILMAR VALADARES,

                              *Defendants.*

------------------------------x

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                             : ss.:
COUNTY OF New (York) )

GILMAR VALADARES, being duly sworn, deposes and says:

1. I reside in ~~UNION~~ County, ~~New York~~ JERSEY - GCV

2. I, Gilmar Valadares, am the President G. General Construction, LLC (d/b/a G. General Construction, LLC). I am duly authorized to make this affidavit of confession of judgment on behalf of G. General Construction, LLC (d/b/a G. General Construction, LLC).

3. G. General Construction, LLC (d/b/a G. General Construction, LLC), maintains its principal place of business in New York County at 1213 Robert St. Hillside, NJ 07205.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Henry Elias Coreas Zelaya and, Jennifer Portillo Reyes (each a "Plaintiff" and collectively, "Plaintiffs") and G. General Construction, LLC (d/b/a G. General Construction, LLC) and, Gilmar Valadares (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against G. General Construction, LLC (d/b/a G. General Construction, LLC) in favor of Plaintiffs for the sum of Thirty Thousand Nine Hundred Thirty Seven Dollars and No Cents ($30,937.00), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $24,750.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $24,750.00, plus liquidated damages

of $6,187.00.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,937.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against G. General Construction, LLC (d/b/a G. General Construction, LLC).

G. General Construction, LLC

By: _____
Gilmar Valadares
Title: President

STATE OF New York )
County of New York : ss.:

On Oct 4, 2018, before me personally came Gilmar Valadares, to me known, who, by me duly sworn, did depose and say that deponent resides at 1213 Robert Street, Hillside NJ that deponent is the President of G. General Construction, LLC the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of G. General Construction, LLC and was authorized to do so.

_____
Notary Public

HENG WANG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02WA6206365
Qualified in New York County
My Commission Expires October 31, 20 2 1

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------x
HENRY ELIAS COREAS ZELAYA and
JENNIFER PORTILLO REYES,
*individually and on behalf of others similarly situated,*

                  Plaintiffs,

                  -against-

G. GENERAL CONSTRUCTION, LLC
(D/B/A G. GENERAL CONSTRUCTION,
LLC) and GILMAR VALADARES,

                  *Defendants.*

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

------------------------------x

STATE OF NEW YORK   )
                               : ss.:
COUNTY OF New York )

      GILMAR VALADARES, being duly sworn, deposes and says:

1.    I reside in ~~Union~~ County, New ~~York~~ Jersey GCV

2.    Pursuant to the terms of the Settlement Agreement and Release by and between Henry Elias Coreas Zelaya and, Jennifer Portillo Reyes (each a "Plaintiff" and collectively, "Plaintiffs") and G. General Construction, LLC (d/b/a G. General Construction, LLC) and, Gilmar Valadares (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against G. General Construction, LLC (d/b/a G. General Construction, LLC) in favor of Plaintiffs for the sum of Thirty Thousand Nine Hundred Thirty Seven Dollars and No Cents ($30,937.00), less any payments made under the Settlement Agreement.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $24,750.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $24,750.00, plus liquidated damages of $6,187.00.

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the

Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,937.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Gilmar Valadares.

_____
Gilmar Valadares

Sworn to before me this
___ day of October 2018

_____
Notary Public

HENG WANG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02WA6206365
Qualified in New York County
My Commission Expires October 31, 20__