USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/11/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY ELIAS COREAS ZELAYA et al.,

Plaintiffs,

-against-

G GENERAL CONSTRUCTION, LLC, et al.,

Defendants.

18-CV-4473 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' proposed settlement agreement (Agreement) (Dkt. No. 19-1); their joint letter dated October, 3, 2018 (Dkt. No. 19), seeking approval of the Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and their follow-up letters dated October 10 and 11, 2018 (Dkt. Nos. 20, 21), providing additional detail regarding the allocation of the settlement proceeds. For the reasons that follow the parties' settlement agreement is APPROVED and this action is DISMISSED.

The Agreement requires defendants G. General Construction, LLC and Gilmar Valadares to pay $24,750 to plaintiffs Henry Elias Coreas Zelaya and Jennifer Portillo Reyes in full settlement of plaintiffs' Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims. Ag. ¶ 1. Defendants must pay this sum in 18 installments, beginning with an initial installment of $7,750, followed by 17 installments of $1,000 each. *Id.* The first payment is due 30 days after Court approval of the Agreement, with the remaining payments due at 30 day intervals. *Id.* Plaintiff's attorneys seek an award of $8,250 in fees and costs (one-third of the gross settlement amount). Joint Ltr. dated October 5, 2018, at 2. Of the remaining $16,500, Coreas Zelaya will receive $11,946 (72.4%), while Portillo Reyes will receive $4,554 (27.6%). According to plaintiffs' counsel, "These percentages are based upon Plaintiffs['] alleged damages, and will be

distributed to the Plaintiffs proportionately out of each settlement installment payment." Joint Ltr. Letter dated Oct. 11, 2018, at 1.

Defendants have executed confessions of judgment in the amount of $30,937, less any payments made under the Agreement, which may be entered if defendants fail to make a settlement payment on time and then fail to cure the default within five business days of receipt of a written notice of default. Ag. ¶ 2. The Agreement includes mutual general releases, in which both sides release each other from "all actions . . . of any kind whatsoever," whether "known or unknown." Ag. ¶¶ 3, 4.

Having presided over the settlement conference at which the material terms of the parties' settlement were negotiated, and having reviewed the terms of the Agreement and supporting materials, the Court finds that the proposed settlement is fair and reasonable as required by *Cheeks*. The proposed fee award is also reasonable. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'").

Accordingly, the proposed settlement is APPROVED, and this action is hereby DISMISSED WITH PREJUDICE. The Court will retain jurisdiction for the limited purpose of enforcing the Agreement if necessary.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York  
      October 11, 2018

SO ORDERED.

_____  
BARBARA MOSES  
**United States Magistrate Judge**